## Decker v. Decker

*Charles L. Miller*, for libellant.

*W. Roger Simpson* and *Edward P. Loughran*, for respondent.

SCHAEFFER, P. J., January 28, 1949.—In this divorce proceeding defendant filed exceptions to the master's

report and also presented a petition for permission to file an answer. The libel in divorce was filed on January 16, 1946, and after several continuances the hearing was not held until April 7, 1948. The subpœna was served personally on respondent and no appearance was entered for her nor did she appear at the hearing. On October 20, 1948, defendant received notice that the master's report, recommending a divorce on the ground of indignities, had been filed, whereupon defendant filed exceptions to the master's report on November 4, 1948, and on November 8, 1948, defendant presented the petition now before the court.

The evidence submitted by plaintiff establishes indignities which would entitle him to a divorce. Defendant had ample opportunity to contest the proceedings and she had due notice of the hearing. However, she now contends that plaintiff lulled her into a sense of security and misled her into believing that he would not proceed with the divorce. There are no depositions to substantiate the allegations of defendant's petition and plaintiff's answer thereto. In view of the letters written by both parties attached to the petition and answer it is evident that a reconciliation was contemplated by both parties. Plaintiff admits that he cohabited at times with his wife, defendant, after the separation and even after he instituted the divorce proceeding, but claims that it occurred in his effort to effect a reconciliation. It has been decided by this court in Hershey v. Hershey, 47 Lanc. 442, that "condonation, while it is a defense to a libel based on adultery, is not a bar to one based on cruel and barbarous treatment and indignities to the person". See Nixon v. Nixon, 329 Pa. 256, 269.

In Bonomo v. Bonomo, 123 Pa. Superior Ct. 451, 455, it is decided that the Commonwealth is always an interested party to a divorce proceeding and that "the fullest opportunity, at any stage of the proceeding,

should be allowed to determine the truth, whether from the respondent or at the instance of the master or the court, subject to such limitations as in the exercise of sound discretion shall not impose undue hardship upon either party". In D'Alfonso v. D'Alfonso, 138 Pa. Superior Ct. 378, 381, it is said: "In divorce actions we are not inclined to be more technical than absolutely necessary, especially in procedural matters, as the state, as well as the immediate parties, is interested, in that our social structure is involved in attempts to dissolve marital relations." In Drumm v. Drumm, 48 Lanc. 251, this court, under the special facts and circumstances of that case, permitted an answer to be filed nunc pro tunc after the hearing.

The court has concluded to recommit the case to the master to take testimony relating to the alleged attempted reconciliation and also to hear testimony by and on behalf of defendant and any further testimony which plaintiff may present, and to file a supplemental report.

And now, January 28, 1949, the exceptions filed by defendant to the master's report are dismissed without prejudice and the court allows defendant to file an answer nunc pro tunc and to defend on the merits.